UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4534
_____

EDWARD G. SMITH,
                              Appellant

v.

BOROUGH OF DUNMORE; BOROUGH OF DUNMORE COUNCIL;
JOSEPH LOFTUS; THOMAS HENNIGAN; JOSEPH TALUTTO;
FRANK PADULA; LEONARD VERRASTRO; MICHAEL CUMMINGS,
individually and as a Councilman,

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cv-1343)
District Judge:  Hon. A. Richard Caputo

BEFORE:   JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges.*
_____

ORDER
_____

        IT IS NOW ORDERED that the opinion in the above captioned case be amended as follows:

        On page 9, the first paragraph, "3d Cir." shall be added within the parentheses in the citation to *Hill v. Borough of Kutztown*;

        On page 13, the first paragraph shall be replaced by the following:

        The proper bounds of the immunity are illustrated by the Pennsylvania Superior Court's decision in *McKibben v. Schmotzer*, 700 A.2d 484 (Pa. Super. 1997).  There, a borough mayor accused a borough police chief of assaulting her and, as a result, she suspended the chief and filed a private criminal complaint against him.  *Id.* at 487.  Following the

suspension, the mayor issued a news release explaining the chief's suspension and describing the "brutal and unprovoked assault" on her. *Id.* Shortly thereafter, a preliminary hearing was held on the assault charges and the criminal complaint was dismissed. *Id.* Immediately after that hearing, the mayor made a statement to reporters accusing the chief of lying. *Id.* After the chief prevailed in a defamation suit, the Superior Court on appeal held that high public official immunity applied to the mayor with respect to the news release because the mayor "was empowered to suspend [the chief], and her comments in the 'News Release,' although harsh and, as the jury found, untrue, were 'closely related' to her duties of supervising the borough police force." *Id.* at 491. By contrast, the Court held that the immunity did not apply with respect to her statement that the chief was lying because there, the mayor "was no more than a private citizen seeking to enforce her *private criminal complaint*." *Id.* at 492 (emphasis in original). Although not binding on us, the reasoning of *McKibben* persuasively illustrates the boundary between those actions that are taken in the course of an official's duties and those that are not.

and;

On page 18, the first paragraph, "3d Cir." shall be added within the parenthesis the citation to *Lohman v. Duryea*.

An Amended Precedential Opinion is being filed concurrently with this Order. The amendment does not substantively change the Opinion, therefore, the filing date of the Opinion will not be modified nor the judgment.

By the Court

  /s/ Kent A. Jordan
Circuit Judge

DATED: January 25, 2011

2